UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHARON SOLOMON,

                       Plaintiff(s),                        **REPORT AND**
                                                                       **RECOMMENDATION**
      -against-                                      CV 08-4822 (SJF) (ARL)

SOUTHAMPTON U.F.S.D.,

                       Defendant(s).
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court, on referral from Judge Feuerstein, is the plaintiff's motion to amend. The defendant school district opposes the motion. For the reasons set forth herein, the undersigned respectfully recommends that the motion be granted, in part, and denied, in part.

## BACKGROUND

The original complaint in this action alleges violations of Title VII, the New York Human Rights Law and 42 U.S.C. §1981 based on gender and race, and a cause of action pursuant to the Americans With Disabilities Act. The plaintiff now seeks to file an amended complaint adding allegations of age discrimination, in addition to gender and race discrimination, under Title VII and the New York Human Rights Law, and to add claims pursuant to the ADEA and 42 U.S.C. §1983. General familiarity with the underlying claims and history of discovery is assumed.

## DISCUSSION

**Rule 16(b) Standards:**

The deadline for motions to amend in this matter was November 16, 2009, and the motion was not made until May 20, 2010, six months after the deadline had passed. Federal Rule 15(a) provides that leave to amend shall be freely given when justice so requires, but when a scheduling order has been entered, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that

the court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003)(quoting Fed. R. Civ. P. 15(a) and 16(b)). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal quotation marks and citations omitted)). A finding of good cause depends on the diligence of the moving party. *Grochowski,* 318 F.3d at 86. The plaintiff argues that she has good cause for making the motion after the deadline.

As to the proposed claims of age discrimination, the plaintiff states that she was unaware of Thomas Frazier's alleged bias based on age until the depositions of several non-parties that did not take place until February and April of 2010. Moreover, the parties engaged in an attempt to resolve the question of whether the plaintiff could amend her complaint without the necessity of motion practice, which added to the time frame. As to the addition of the section 1983 claim, the plaintiff explains that she "inadvertently brought this action under, *inter alia,* 42 USC §1981 . . ," and should have brought it under section 1983. Pl. Mem. in Further Supp. at 4. She was informed of this "clerical" error by the defendant in January or February 2010, at which time she "diligently began work on this Motion to Amend." *Id.* Progress on the motion was delayed, she reports, once she "began to see a need for the additional amendments to her Complaint relating to age discrimination." *Id.*

The defendant argues that the motion has been made in bad faith, asserting, in essence, that the new claims, as well as the old ones, lack any evidence and have no support in any facts. The defendant's arguments go to the merits of the plaintiff's claims, and not to whether she has

2

good cause to make her motion at this time. Under the circumstances asserted by the plaintiff, the undersigned finds that the plaintiff was sufficiently diligent, and has shown good cause for moving to amend past the deadline. Further, there is no basis for a finding of bad faith and the defendant is not prejudiced by the timing of the motion. Thus, the motion will be considered pursuant to the standards of Rule 15.

**Rule 15(a) Standards:**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading . . . by leave of court," and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In making its determination, the court considers factors such as undue delay, prejudice to the defendants, and futility of the proposed amendments. *See Foman*, 371 U.S. at 182; *MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956, 962 (2d Cir. 1998); *Harrison v. NBD, Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998). Although amendments are generally favored because "they tend to facilitate a proper decision on the merits," *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citation omitted), ultimately, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (*citing Foman*, 371 U.S. at 182).

The party opposing an amendment has the burden of proving that leave to amend would be futile or prejudicial. *See Blaskiewicz*, 29 F. Supp. 2d at 137-38; *Harrison*, 990 F. Supp. at 185. "In making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is 'clearly frivolous or legally insufficient

on its face.'" *Blaskiewicz*, 29 F. Supp. 2d at 138 (*quoting Northbrook Nat'l Ins. Co. v. J&R Vending Corp.*, 167 F.R.D. 643, 647 (E.D.N.Y. 1996)). Where, as here, leave to amend is opposed on the grounds of futility, "the appropriate legal standard is whether the proposed amended complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Estate of Ratcliffe v. Pradera Realty Co.*, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007). "On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations as true." *Id.* at *5 (citation omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is, however, inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, although for the purposes of a motion to dismiss the court must accept as true the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50. With those standards in mind, the court turns to the defendant's arguments.

<u>The Age Discrimination Claims</u>: The defendant argues that the proposed ADEA claim, as well as claims based on age discrimination under Title VII and the NYHRL, are futile as time barred.

An ADEA claimant must file a discrimination charge with a state agency within three hundred days of the occurrence of the allegedly retaliatory and/or discriminatory employment practice. *Kassner v. 2nd Avenue Delicatessen, Inc.,* 496 F.3d 229, 237-38 (2d Cir. 2007). New York is a "deferral state," and under 43 U.S.C. §2000e-5(e)(1), plaintiffs can file an administrative charge with the state deferral agency of the EEOC, in New York, the State

4

Division of Human Rights (SDHR). *Canales-Jacobs v. New York State Office of Court Administration,* 640 F. Supp. 2d 482, 501 (S.D.N.Y. 2009). Here, the plaintiff filed three SDHR complaints, alleging discrimination and/or retaliation based on gender, race and disability arising from acts that allegedly occurred in 2007 and 2008. *See* Proposed Am. Compl.¶9 & Ex. B. She also filed two Notices of Claim, making the same allegations. *See id.* at ¶7 & Ex. A. The EEOC processed the filings and issued right to sue letters. *Id.* at ¶¶10-12 & Exs.C & D. Neither the Notices of Claim nor the SDHR Complaints make any reference to discrimination based on age.

Where a party has filed a claim with an administrative agency sounding in a particular type of discrimination, the claim is insufficient to satisfy the state law notice requirement as to a different type of discrimination claim. *See Kushner v. Valenti*, 285 F. Supp. 2d 314, 316 (E.D.N.Y. 2003). The same is true of the federal law requirements. "Only claims explicitly raised before an administrative agency are properly before the court, unless the claims that were not previously raised are reasonably related to those preserved by filing with the administrative agency." *Canales-Jacobs,* 640 F. Supp. 2d at 503.

Here, the age discrimination claims are not "reasonably related" to the earlier filed claims. There are three situations in which a claim not alleged before the administrative agency might be reasonably related to the allegations raised in the agency complaint": "(1) where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'; (2) allegations of retaliation by the employer against the employee for filing a complaint before the EEOC; and (3) where plaintiff has alleged further incidents of discrimination carried out in exactly the same manner alleged in the complaint." *Canales-Jacobs,* 640 F. Supp. 2d at 503 (citing *Butts v. City of New*

*York Dep't of Housing Preservation,* 990 F.2d 1397, 1401 (2d Cir. 1993)). Here, none of the three situations exists. Nothing in the plaintiff's Notice of Claim or SDHR complaints would have alerted the EEOC that it should investigate the question of whether Solomon was subjected to age-based discrimination, nor are there new claims of retaliation or continuing discrimination.

In opposition to this line of argument, the plaintiff asserts in her reply papers that, on May 18, 2010, apparently after she received the defendant's papers in opposition to the motion to amend, she filed an amended SDHR Complaint and an amended Notice of Claim. *See* Pl. Mem. in Further Supp. at 13; Newman Reply Aff., Exs. E, F, G, & H. She does not explain the legal import of those amendments, notably how they might impact the statute of limitations issue regarding her age discrimination claims. Further, it would appear that a Notice of Claim can be amended only by leave of court, and the docket does not reflect any application to the court for such leave. Because the plaintiff has failed to explain the legal significance of these late filed amendments, and the defendant has had no opportunity to address the issues, the court will not consider them.

Thus, Solomon's age discrimination claims under the ADEA, the other federal statutes, and the state law are futile as time-barred.

<u>The Section 1983 claims:</u>

The plaintiff also seeks to supplement her complaint by "stating her claims under Section 1983 . . . as well as under section 1981 . . ., based on defendant's discriminatory treatment and harassment of Plaintiff due to her race, color, gender, disability and in retaliation for engaging in a protected activity . . ." *See* Notice of Motion. To that end, the proposed Amended Complaint, which makes no new factual allegations, adds headings that state various "violations" of section

1983. *See* Proposed Am. Comp., headings to ¶¶ 19-27, 28-29, 34-45 & 63-65, and Wherefore Clause, ¶¶1, 2, 5 & 9. However, section 1983[1] "'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Jackson v. County of Nassau,* 2010 WL 335581, *6 (E.D.N.Y. Jan. 22, 2010) (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n.3 (1975); *see also Alberti v. County of Nassau,* 393 F. Supp. 2d 151, 161 (E.D.N.Y. 2005) (no such thing as "violation" of section 1983). Thus, a well pleaded complaint asserting claims pursuant to section 1983 must allege the deprivation of a right under the Constitution or a federal law covered by section 1983, and must further allege that the defendants acted under color of state law in the deprivation of that right. Further, where, as here, the plaintiff seeks to hold a municipal defendant liable under section 1983, the plaintiff must plead: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" *Sylla v. City of New York,* 2005 WL 3336460, *6 (E.D.N.Y. Dec. 8, 2005); *see also Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978).

The defendant argues that the plaintiff has not alleged a violation of any Constitutional right. The plaintiff argues that she has pled an equal protection claim that she was treated differently from white, male employees is implicit in the factual allegations. *See* Pl. Mem. in Further Supp. at 11 (citing to ¶¶23-24 of the Proposed Am. Comp.). Indeed, the plaintiff has alleged that one of the defendant's employees "is known for treating women and minorities

---

[1] Section 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983.

differently than white/male employees." The defendant also observes that the proposed Complaint does not expressly state that the school district defendant acted under color of state law. However, that allegation can be inferred from the proposed amended complaint. Accordingly, the court turns to whether the plaintiff has sufficiently alleged a policy or custom on the part of the defendant school district.

The school district is the only defendant named in this lawsuit despite the fact that the acts complained of were primarily engaged in by Brendan Frazier, the principal of the school at which the plaintiff worked. Although, a municipality cannot be held liable pursuant to section 1983 because of the discriminatory actions of one of its employees on a respondeat superior theory, s*ee Back v. Hastings on Hudson U.F.S.D.,* 365 F.3d 107, 128 (2d Cir. 2004), it can be held liable under *Monell* if "its policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the complained of injury." *Monell*, 436 U.S. at 694. Here, Solomon makes no allegation that the defendant school district had a formal "policy or custom" of discrimination, that is, no claim of a "relevant practice [that] is so widespread as to have the force of law" with regard to black women teachers. In fact, none of the facts alleged relate to any events other than those affecting Solomon, and she does not allege that the defendant District commonly or customarily violated teachers' rights.

However, a plaintiff might still prevail if she alleges that the complained of actions were taken by an official whose actions represent official municipal policy. *See Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000). Where such a claim is made, the plaintiff must allege facts showing that the official "had final policy making authority in the particular area involved." *Id.* It is not sufficient that "the official has been granted discretion in the performance of his duties." *Id.*

In the proposed amended complaint, the plaintiff states that Dr. Richard Boyes, the Superintendent of the defendant District, "has the ultimate authority over the hiring, firing and promotion of the District's teachers." Newman Decl. at ¶43. However, it can be inferred that Brendan Frazier had final authority over certain aspects of the school so as to render him a policy maker for the District. Principal Frazier testified at his deposition that was responsible for "hiring and staffing the intermediate school" and for "supervision of the staff at the school." *See* Pl. Mem. in Further Supp. at 14. As such, Frazier may ultimately be determined to be a final policy maker with respect to the issues alleged in the complaint. *See Tekula v. Bayport-BluePoint School Dist.,* 295 F. Supp. 2d 224, 234 (E.D.N.Y. 2003) (citing *Rabideau v. Beekmantown Cent. Sch. Dist.,* 89 F. Supp. 2d 263, 269 (N.D.N.Y. 2000)(principal of school possessed final policymaking authority)). Thus, the motion should be granted to extent it seeks to add the proposed section 1983 claims based on unconstitutional racial and gender discrimination.

A question remains as to the application of section 1983 to the plaintiff's section 1981 claim, pleaded in the original complaint. Solomon claims, in support of her motion, that the inclusion of a section 1981 claim was a clerical error. *See* Pl. Mem. in Further Supp. at 4. She further claims that section 1981 is "inapplicable to school districts," and that "§1983 is the appropriate statute to enforce a Title VII violation by a school district." *Id.* The plaintiff is admittedly confused about the relationship between section 1981, section 1983 and Title VII, nonetheless it is clear from her submissions that plaintiff intends to voluntarily discontinue her section 1981 claims. It is therefore recommended that the plaintiffs' application to discontinue her section 1981 claim be granted.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 24, 2010

/s/
Arlene R. Lindsay
United States Magistrate Judge